Opinion issued May 8, 2003













In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00235-CV




ROBBIE WESTBROOK AND LOIS WESTBROOK, Appellant

V.

MARK MCBATH, M.D., Appellee




On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2000-10581




MEMORANDUM OPINION

          This is a medical malpractice case. The plaintiffs/appellants, Robbie and Lois
Westbrook, are appealing the trial court’s judgment that was entered after the trial
court granted the defendant/appellee, Dr. Mark McBath’s, motion for summary
judgment and motion to dismiss. We affirm.
Factual Background
          The uncontroverted summary judgment evidence establishes that on July 2,
1993, Dr. McBath placed a “groshong catheter” in Mr. Westbrook’s chest for long-term antibiotic therapy. On August 24, 1993, after Mr Westbrook’s therapy ended,
Dr. McBath performed a “catheter fragment retrieval” on Mr. Westbrook in an
attempt to remove the “groshong catheter.” Dr. McBath never saw Mr. Westbrook
again as a patient after the August 24th surgery.  
          On January 6, 1998, Dr. Griffith performed a CT scan on Mr. Westbrook’s
chest that showed a long length of catheter extending through the left main
pulmonary artery segment and into a branch of the left pulmonary artery. Dr. McBath
had failed to remove the entire catheter during the August 24th surgery, and it had
remained in Mr. Westbrook’s body since that time. On January 12, 1998, Mr.
Westbrook learned about the presence of the catheter in his body that Dr. McBath had
failed to remove. Mr. Westbrook testified by deposition that the only catheter that
had ever been inserted in his chest was the one Dr. McBath had inserted. Dr. Griffith
immediately referred Mr. Westbrook to a specialist to have the catheter removed. 
One year later, on January 5, 1999, Dr. Weiner successfully removed the catheter.
          On March 8, 2000, appellants filed this lawsuit seeking damages from Dr.
McBath for his alleged negligence. Dr. McBath filed a motion for summary judgment
based, in part, on the running of the two-year statute of limitations found in article
4590i, section 10.01, of the Texas Medical Liability and Insurance Improvement Act.
Tex. Rev. Civ. Stat. Ann. Art. 4590i, § 10.01 (Vernon Supp. 2003). The trial court
entered summary judgment for McBath.


 
Discussion
          In their first point of error, appellants assert the trial court erred in granting
summary judgment because McBath did not establish his affirmative defense of
limitations bar as a matter of law. We disagree because, even if appellants are correct
that the discovery rule applies under the “open courts” provision of the Texas
Constitution,


 and even if the evidence raises a fact issue about fraudulent
concealment of McBath’s alleged negligence, the uncontroverted fact remains that 
appellants discovered, on January 12, 1998, that the catheter had been left in Mr.
Westbrook’s chest by McBath. Appellants did not file suit until March 8, 2000, more
than two years after their discovery of the alleged negligence. Appellants’ suit
against McBath is therefore barred by the two-year statute of limitations as a matter
of law. 
          Accordingly, the trial court properly granted McBath’s motion for summary
judgment. We overrule appellants’ point of error one.
          In light of our disposition of appellants’ first point of error, we need not
address the merits of point of error two dealing with McBath’s motion to dismiss,
and we decline to do so. 
Conclusion
          We affirm the trial court’s judgment.
 
                                                                        Margaret Garner Mirabal
                                                                        Justice

 
Panel consists of Justices Taft, Mirabal,


 and Price.